(No. 1675—

ROBERT GENE WOOD, A MINOR, BY MABLE WOOD, Guardian, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed April 5, 1933.*

LEWMAN AND CARTER, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. JUSTICE ROE delivered the opinion of the court:

On July 2, 1930, Robert Gene Wood, a private, first-class in Company A, 130th Infantry, Illinois National Guard, claims that he was assaulted and gravely injured by William C. Timm, the then captain of said Company.

From the evidence herein produced, it seems that on the above date, a drill was held between the hours of eight and nine-thirty o'clock at night. After the drill the claimant became engaged in an altercation with one Dale Nimerick, another member of Company A, and during this altercation, the claimant who had rather pugilistic tendencies, struck Dale Nimerick twice and knocked him down. Immediately thereafter, on his own initiative, he went to the company office in the Armory, where Captain Timm and Sergeant Highberg were working, and reported the assault to the Captain. After asking a couple of questions which were answered very civilly by the claimant, the Captain, who was over six feet tall and weighed much over two hundred pounds, lost control of him-

self and became so enraged that he brutally assaulted this boy, who was five feet six inches tall and weighed less than one hundred forty pounds. The Captain struck him several violent blows on the face and head, blackening his eye, and then picked up a wooden folding chair and struck Claimant Wood, with an overhead swing, on top of the head. The blows with the chair were sufficiently strong, according to the testimony of two other witnesses present, to break the chair and then the Captain picked up a piece of the broken chair and continued striking claimant over the head with it although Wood begged him to stop.

During this altercation, Wood did not strike Timm at all, and there seems to be no doubt that the assault was unwarranted, although the Captain was provoked by claimant's attack on Corporal Nimerick, whom Wood accused of reporting to Captain Timm certain derogatory remarks in regard to Company A, which it was alleged Wood had publicly made.

Seemingly not satisfied with the beating he gave the claimant, the Captain sent for Corporal Nimerick and when Nimerick arrived the Captain directed the two to go to the gun shed and fight it out. Although dazed by the Captain's assault upon him, Wood finally again knocked Nimerick out and was thereafter permitted to go home.

As the result of his encounter with Captain Timm, the claimant was obliged to remain in bed six weeks because of a skull fracture, which extended across the top of the vault of the skull and down on either side some five or six centimeters. The evidence shows that as a result of this skull fracture, the boy has developed epilepsy of the post traumatic type and that the epileptic attacks are gradually becoming more frequent, and therefore young Wood has been unable to either go to the University of Illinois as he had intended or to seek any gainful occupation.

There is generally two sides to every case. On one side we find Private Wood, a quick tempered and somewhat obstreperous individual with a reputation as a fighter, had assaulted and knocked a fellow member of his Company.

On the other side, we find Captain Timm provoked not only by the public criticism of the local guard unit which it was alleged that Wood had made, but also by his attack on Corporal Nimerick for reporting it.

Studying the affair from an unprejudiced viewpoint, it seems clear that the Captain, a man forty years of age, large and strong and who should have been a man of mental poise, was not sufficiently provoked for his unwarranted attack upon a much smaller lad of eighteen years.

The question therefore arises whether the State is either legally or in equity liable for this attack. It is clear to the court that the assault was brutal and most highly censurable, and the results therefore lamentable. The actions of the Captain resulted in his resignation from the Illinois National Guard. A Military Board of Inquiry, following an investigation of July 13, 1930, found Captain William C. Timm guilty of conduct unbecoming an officer and a gentleman and his resignation was requested on August 12, 1930 by the Adjutant General. On August 19th, his resignation was received and his services thereby terminated.

From all the evidence presented, it is clear that the assault complained of, which occurred about ten o'clock p. m. and the injuries inflicted, did not arise while the claimant was on duty and lawfully performing same. (See Par. 142-143, Chapter 129, Cahill's Ill. Revised Statutes, 1931.)

It is the opinion of this court that there is no legal liability in this case on the part of the State. However, it is a deplorable case. That the State is not liable for ultravires acts of a State militiaman is set forth in the case of *Minnie McGhee* vs. *State of Illinois*, 4 C. C. R. 144.

Although this court has consistently held that in such cases there is no legal liability on the part of the State, it has recognized the necessity and fairness of considering cases arising out of extraordinary conditions in the light of equity and good conscience.

It is not the intention in such cases to establish a precedent obligating the State of Illinois under similar conditions. However, because this is a particularly unfortunate case, it is the opinion of the court that as a matter of equity and social justice, that the claimant be allowed some compensation for actual expenses incurred. It is not the intention of this court in recommending such an allowance, to fully compensate the claimant for the loss sustained.

In conformity therefore, with the well established rule of this court wherein particular cases warrant the consideration of equity, the claimant is awarded the sum of Seven Hundred

Fifty Dollars ($750.00) for medical services and expenses and it is recommended that he be paid this amount through his guardian, Mabel Wood, in satisfaction of all claims against the State of Illinois.